UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CLARENCE WATSON HERNDON,

      Petitioner,

v.                                                    Case No. 1:03-CV-181

WILLIE O. SMITH,                         HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objection To Magistrate's Report and Recommendation dated May 23, 2005, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied. Petitioner raised sixteen grounds for relief in his habeas petition. Petitioner's first ground was that MCL § 750.316(1)(c) violated due process because it imposed punishment based on strict liability. The magistrate judge recommended that this ground be denied because the statute does not create a strict liability crime. The magistrate judge reasoned that the prosecutor must prove all the elements of the murder beyond a reasonable doubt. Petitioner's second ground was that MCL § 750.316(1)(c) violated equal protection because it imposed a harsher penalty based on the victim's occupation of being a correction officer. The magistrate judge recommended that this ground be denied because the statute is rationally related to a state interest to protect law enforcement officers. Petitioner's third ground was that he was denied due process when the prosecutor charged two separate counts for a single killing. The magistrate judge recommended that this ground be denied because the Supreme Court held that a

defendant's right to due process is not violated when a state prosecutor advances two theories of first-degree murder, and the ruling of the Michigan Court of Appeals constituted a reasonable application of the Supreme Court precedents. Petitioner's fourth ground was that he was denied due process because the three-year delay between the time of the murder and the day he was charged was prejudicial. The magistrate judge concluded that this ground should be rejected because Petitioner has not carried the burden of showing actual and substantial prejudice. Petitioner's fifth and sixth grounds were that he was denied his Sixth and Fourteenth Amendment rights to present a defense by the exclusion of certain evidence. In the fifth ground, Petitioner argued that the trial judge improperly denied his motion to allow his medical expert to testify that the emergency medical treatment caused the victim's death. The magistrate judge recommended that this ground be denied because the victim was already dead before the resuscitation efforts began, and thus the resuscitation efforts were not the sole intervening cause for the victim's death. In the sixth ground, Petitioner argued that the trial judge improperly excluded Petitioner's evidence as hearsay statements. The magistrate judge recommended that this ground be denied because the excluded evidence was inherently untrustworthy. In Petitioner's seventh, eighth, tenth, twelfth and thirteenth grounds, he challenged the admission of various matters into evidence. The magistrate judge recommended that these grounds be denied because Petitioner has not carried the burden showing that the state court's evidentiary rulings were in conflict with the Supreme Court precedents. Petitioner's ninth ground was that his *Miranda* right was violated when he was questioned by a correction officer about the injuries in his hand. The magistrate judge recommended that this ground be denied because at the time of the interrogation, Petitioner was not taken into "custody." Petitioner's eleventh ground was that the correction officer searched his cell without a search warrant and the evidence obtained in the

search was improperly admitted in the trial. The magistrate judge recommended that this ground be denied because a prisoner has no expectation of privacy in his cell. Petitioner's fourteenth ground was that the trial court improperly denied his request to allow a jury review of the crime scene. The magistrate judge recommended that this ground be denied because the trial court's denial of Petitioner's request was neither arbitrary nor disproportionate to the interest it sought to protect. Petitioner's fifteenth ground was that the prosecutor did not introduce sufficient evidence showing that the victim was murdered while she was performing her duties as a correction officer, as required under MCL § 750.316(1)(c). The magistrate judge recommended that this ground be denied because the victim was killed in her workplace during work hours, and thus the jury could reasonably infer that she was performing her duties as a correction officer at the time of the murder. Petitioner's sixteenth ground was that he was denied due process by an erroneous jury instruction. The magistrate judge recommended that this ground be denied because Petitioner has failed his burden to show that the jury instruction has "so infused the trial with unfairness as to deny due process of law." *Estelle v. McGuire*, 502 U.S. 62, 75, 112 S. Ct. 475, 484 (1991). In his objection, Petitioner contends that the magistrate judge's recommendations are erroneous as to all the grounds except the eleventh and fourteenth grounds. Having conducted a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted.

In his objection, Petitioner has failed his burden to prove that the Michigan court's rulings constituted an unreasonable application of established Supreme Court precedents. In addition, Petitioner merely repeated the same arguments stated in the petition while all these arguments have been thoroughly analyzed and rejected in the magistrate judge's recommendation. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 23, 2005 (docket no. 54), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Objection To Magistrate's Report And Recommendation (docket no. 58) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**.

Dated: September 1, 2005  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE